UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE REED,

                                    Civil Action No.12-cv-12544
      Plaintiff,           HONORABLE GERSHWIN A. DRAIN

v.

DEARBORN HEIGHTS POLICE
DEPT., *et al.*,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff is an inmate currently at the G. Robert Cotton Correctional Facility located in Jackson, Michigan. Plaintiff brings this action under 42 U.S.C. §1983, alleging violations of his rights under the United States Constitution.

On December 7, 2012, Plaintiff moved for the appointment of counsel, alleging that: (1) his claims will survive summary judgment; (2) trial is foreseeable; (3) pursuant to 28 U.S.C. §1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel;" (4) courts generally consider factors such as (a) whether the action presents a colorable claim fo relief, (b) the litigant's ability to investigate crucial facts (c) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (d) the ability of the litigant to present his case, and (e) the complexity of the legal issues presented; (5) this Court concluded that the complaint

is not frivolous; (6) plaintiff suffers from various ailments and is learning disabled; (7) due to plaintiff's ailments/disabilities, he qualifies for (and must rely on) assistance to prepare his legal pleadings; (8) the MDOC Legal Writer assistance is not equivalent to legal representation, and may not be available on an ongoing basis; and (9) an attorney should be appointed under the Eastern District's Pro Bono Plan.

The Magistrate Judge denied Plaintiff's request for appointment of counsel on December 13, 2012, and Plaintiff filed an "objection" on January 4, 2012. The Court construes Plaintiff's objection as an appeal. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007).

Because the Magistrate Judge's order ruled on a non-dispositive issue pursuant to 28 U.S.C. § 636(b)(1)(A), and not a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B), this Court may disturb the Magistrate's order only if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED R. CIV. P. 72(a). "This standard is necessarily deferential . . . ." *Welch v. Taylor*, 2008 U.S. Dist. LEXIS 52731,*1 (W.D. Mich. July 10, 2008).

This Court will find a Magistrate Judge's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats v. State of Michigan*, No. 1:06-cv-755, 2008 U.S. Dist. LEXIS 39897,*1 (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 185 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

This court will find a magistrate's factual finding to be "'clearly erroneous when, although there may evidence to support it, the . . .court, [considering] the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC*

v. Border States Energy, LLC, 297 Fed. Appx. 406, 408, (6th Cir. 2008) (quoting US v. Ellis, 497 F.3d 606, 611 (6th Cir. 2007)).

As Plaintiff concedes, there is no constitutional right to counsel in a civil case. See Horacek v. Caruso, 2008 U.S. Dist. LEXIS 87851, 2008 WL 4820483, *15 (W.D. Mich. Oct. 30, 2008) (citing Brown v. City of Detroit, 47 F. App'x 339, 341 (6th Cir. 2002) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25-27(1981)). More specifically, our Circuit has held that "there is no right to counsel in prisoner civil-rights cases," Bennett v. Smith, 110 F. App'x 633, 635 (6th Cir. 2004) (citing Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996)), and "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." Bennett, 110 F. App'x at 635 (citing Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993)).

In this case, the Court finds that the Magistrate Judge's ruling was not erroneous or contrary to law. The Magistrate Judge found, and the Court agrees, that the Plaintiff's Complaint showed that he had an adequate understanding of the issues and matters involved in the § 1983 claim, and that the case is not complex to the degree that it rises to the level of exceptional circumstances where appointed counsel is necessary.

The Court AFFIRMS the Magistrate Judge's Order of December 13, 2012 [Dkt. No. 19], which denied the Plaintiff's motion for appointment of counsel [Dkt. No. 17] without prejudice.

SO ORDERED.

Dated: February 11, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

-3-